UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| KHALID MALIK CASTLEBERRY, | |
| Plaintiff, | **Civil Action File No.** 4:20-cv-159-HLM-WEJ |
| v. | |
| SURYA CARPET INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

# COMPLAINT

Plaintiff Khalid Malik Castleberry ("Mr. Castleberry") states his complaint against the above-named Defendant as follows:

1. This is a complaint for violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

2. This Court has jurisdiction over Mr. Castleberry's claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Rome Division of the Northern District of Georgia.

4. Defendant Surya Carpet Inc. ("Surya") is a Georgia corporation that manufactures and sells home décor products. Surya's principal business location is in Bartow County, Georgia at 1 Surya Drive, White, Georgia 30184.

5. At all times relevant to this lawsuit, Surya was a covered employer under the FMLA pursuant to 29 C.F.R. § 825.104.

6. Mr. Castleberry began employment with Surya in September 2016 as an Account Manager, i.e., a salesperson, at Surya's facility in White, Georgia.

7. In April 2018, Mr. Castleberry requested and took FMLA leave due to a serious health condition.

8. Mr. Castleberry returned to work in May 2018.

9. After returning to work, Mr. Castleberry requested and received intermittent FMLA leave to continue receiving treatment for his serious health condition. During May and June 2018, Mr. Castleberry took intermittent FMLA leave approximately one day per week.

10. Surya terminated Mr. Castleberry's employment on July 3, 2018, allegedly due to poor sales performance since his return from FMLA leave in May 2018.

11. Upon information and belief, other account managers had similar or worse performance than Mr. Castleberry but were not terminated.

12. Mr. Castleberry worked more than 1,250 hours for Surya during the 12-month period preceding April 1, 2018.

13. During the calendar years 2016, 2017, and 2018, Surya employed 50 or more employees within 75 miles of its facility in White, Georgia.

## COUNT 1 – Interference in Violation of the FMLA

14. Mr. Castleberry incorporates paragraphs 1 through 13 as if fully set forth herein.

15. The FMLA requires employers to adjust performance standards to avoid penalizing an employee for being absent from work due to protected FMLA leave.

16. Any deficiencies in Mr. Castleberry's sales performance were caused by his absence from work while on full and intermittent FMLA leave.

17. Surya did not adjust Mr. Castleberry's sales goals and expectations to account for his full and intermittent FMLA leave. Rather, it terminated his employment for failing to meet these goals and expectations.

18. Therefore, Surya interfered with Mr. Castleberry's FMLA rights by terminating his employment on July 3, 2018 for poor sales performance.

19. The above-described FMLA violation was willful, as Surya knew or should have known of this obligation under the FMLA, but it terminated Mr. Castleberry despite having this knowledge.

20. Mr. Castleberry is entitled to recover all damages caused by Defendant's FMLA violation, including lost wages, liquidated damages, attorneys' fees, and litigation costs.

## COUNT 2 - Retaliation in Violation of the FMLA

21. Mr. Castleberry incorporates paragraphs 1 through 20 as if fully set forth herein.

22. The FMLA prohibits employers from retaliating against employees who exercise their rights under the FMLA, including their right to take FMLA leave due to their own serious health condition.

23. Mr. Castleberry requested and took full and intermittent FMLA qualifying leave beginning in April 2018.

24. Despite that other account managers had similar or worse performance than Mr. Castleberry, Surya terminated Mr. Castleberry's employment on July 3, 2018.

25. Thus, Surya treated Mr. Castleberry more harshly than similarly-situated employees who had not exercised their FMLA rights, which is evidence of retaliatory intent.

26. The above-described FMLA violation was willful, as Surya knew or should have known of its obligations under the FMLA, but it terminated Mr. Castleberry despite having this knowledge.

27. Mr. Castleberry is entitled to recover all damages caused by Defendant's FMLA violation, including lost wages, liquidated damages, attorneys' fees,

and litigation costs.

Based on the above facts, Mr. Castleberry demands a jury trial on all triable issues and asks the Court for the following relief:

(1) lost back pay,

(2) reinstatement, or front pay in lieu of reinstatement,

(3) liquidated damages as permitted by the FMLA,

(4) prejudgment interest,

(5) litigation costs,

(6) attorneys' fees, and

(7) other relief deemed appropriate by the Court.

Respectfully submitted on July 2, 2020.

**<u>Regan Keebaugh</u>**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com